In the Matter of the Appeal of William C. SHEA, from an Order of Probate Court of Ramsey County, Minnesota, denying probate to the purported Last Will and Testament, dated 12–17–78, in the Estate of Margaret G. Cory, deceased.

Leonard CORY et al., Appellants,

v.

William C. SHEA, Respondent.

Nos. 50512, 50519.

Supreme Court of Minnesota.

June 20, 1980.

Peterson, Gray & Sheahan, St. Paul, for appellants.

Briggs & Morgan, St. Paul, for respondent.

PER CURIAM.

Appellants Leonard Cory and Mildred Cory, the brother and niece of the decedent Margaret G. Cory, were granted permission to appeal from an order and subsequent judgment of a three-judge panel of the Ramsey County District Court. We reverse and remand.

The decedent died on May 10, 1976, and these proceedings centered upon three instruments purporting to be her wills. The most recent instrument, dated December 17, 1975, was the subject of a petition for probate filed with the Probate Court of Ramsey County and devised the bulk of the estate to the will's proponents, respondents Norene, Patricia and William Shea, the children of decedent's sister Ann Shea. Appellants Cory filed objections to the will, asserting that it was executed at a time when the decedent lacked testamentary capacity and was the product of undue influence.

Evidence was admitted at the probate proceeding relating to the existence of two other instruments, each also purporting to be the decedent's will. The first, dated December 6, 1975, devised the property of the estate to the appellants and the second, dated October 15, 1974, contained terms essentially identical to those of the December 17, 1975, instrument, devising the property to the respondents.

In its order, the probate court determined that the decedent died testate, but concluded that she lacked the requisite testamentary capacity at the time she executed the December 17, 1975, instrument. It therefore denied probate to that instrument.

Respondents sought review of that order from a three-judge panel of the district court. The district court concluded the probate court decision was deficient because, although it found that the decedent died testate, the decision invalidated the December 17, 1975, will without a simultaneous finding that one of the other purported wills was a valid testamentary document. The district court thereupon reversed the probate court decision and remanded the matter to that court for its determination as to "whether the decedent was competent to execute all three of the instruments purporting to be her wills." The district court specifically declined to rule upon the precise issue presented to it, namely, whether the evidence was sufficient to support the determination that the decedent lacked the requisite testamentary capacity to execute a will on December 17, 1975.

While the comprehensive order of the district court clearly indicates an intention of the panel to promote judicial economy by directing the probate court to consider the validity of each of the subject documents in one proceeding, it is our view that the court erred in failing to rule upon the sole factual question raised on appeal. It was for that reason that the jurisdiction of that court was invoked and the remand to the probate court was premature in light of that deficiency. Therefore, the order of the district court is reversed and the matter is remanded for its consideration and disposition of that single question of whether the evidence is sufficient to support the determination that the decedent lacked capacity to execute the instrument dated December 17, 1975.

Reversed and remanded.